IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KOZHAYA TANIOS, § § Petitioner, § § v. § CIVIL ACTION NO. 4:17-cv-1387 § JEFF SESSIONS, et al., § § Respondents. § | |

**MEMORANDUM AND ORDER**

Kozhaya Tanios (A# 201167623) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the duration of his confinement by Immigration and Customs Enforcement (ICE) officials with the United States Department of Homeland Security (DHS). The respondents have filed a motion to dismiss, advising the Court that Tanios has been released from custody and that his petition is moot. (Docket Entry No. 5). Tanios has not provided the Court with an updated address following his release and appears to have abandoned his petition. After considering all of the pleadings and the applicable law, the Court will grant the respondents' motion and dismiss this case as moot. Alternatively, the case will be dismissed for want of prosecution.

**I.    Discussion**

According to the petition, which was received on May 4, 2017, Tanios is a native and citizen of Lebanon. On September 17, 2012, the United States Drug Enforcement Agency (DEA) extradited Tanios from the Dominican Republic to the United States. On January 26, 2017, Tanios was taken into ICE custody following his release from federal

prison. Because he has been in custody for more than 90 days without a foreseeable removal date, Tanios argues he is entitled to habeas corpus relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In that case, the Supreme Court held that persons may be detained pending removal for a "presumptively reasonable period" of no more than six months after the removal period expires. *See id.* at 701.

The respondents have advised the Court that on June 20, 2017, Tanios was escorted from the United States to Lebanon. (Docket Entry Nos. 5, 5-2). The respondents note, therefore, that Tanios's release from custody renders his habeas corpus petition moot.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). Because Tanios's petition challenges only his continued detention, his release from custody leaves nothing for this Court to remedy. *See id.* at 18. The Court concludes, therefore, that Tanios's petition is moot and must be dismissed.

Alternatively, Tanios has not provided the Court with a change of address following his release from custody as required by Rule 83.4 of the Local Rules for the

Southern District of Texas, Houston Division. Under that rule a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address. Tanios has clearly failed to provide the Court with an accurate, current address. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order). For this additional reason, this case will be dismissed.

## II. Conclusion and Order

Accordingly, the Court **ORDERS** as follows:

1. The respondents' motion to dismiss, (Docket Entry No. 5), is **GRANTED**.

2. The habeas corpus petition filed by Kozhaya Tanios is **DISMISSED without prejudice** as **MOOT**.

3. Alternatively, this case is **DISMISSED without prejudice** for want of prosecution.

SIGNED at Houston, Texas, on OCT 1 2 2017.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE